IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FIRST COUSINS, LLC**,

*Plaintiff,*

*v.*

**7211 BTCM LLC, et al.**,

*Defendants.*

Cause No. 3:25-CV-00636-CWR-LGI

## ORDER

Before the Court is a motion to set aside an entry of default. Docket No. 14. For the reasons discussed below, the motion is granted.

### I.    Factual and Procedural History

Plaintiff was the owner of two pieces of property, the "DeKalb Property" and the "Stonewall Property." *See* Docket No. 3 at 2. Plaintiff claims all three defendants were liable under the Dekalb Property lease, whereas defendants Fikes Wholesale, Inc. and Casey's General Stores were responsible for the Stonewall Property lease. Upon the termination of the lease agreements, Plaintiff alleges all three Defendants left the "DeKalb Property" in a damaged condition, and defendants Fikes Wholesale, Inc. and Casey's General Stores damaged the "Stonewall Property," thus violating their lease agreements for their respective properties. *See id* at 2-5.

On July 22, 2025, Plaintiff filed a complaint in the Circuit Court of Kemper County, Mississippi and served notice of summons on the Defendants. *See* Docket No. 3 at 20-22. The Defendants' respective receipt of summons was returned via certified mail. *See* Docket Nos.

7-9. Defendants, thereafter, timely removed the case to the United States District Court for the Southern District of Mississippi on August 22, 2025. Docket No. 1. Despite Defendants receiving summons and filing a notice of removal, they failed to timely answer the complaint. On September 11, 2025, Plaintiff filed a motion for entry of default against Defendants, which the clerk entered the next day, on September 12. Docket Nos. 9 and 10. Hours later, Defendants filed their answer. Docket No. 12.

Federal Rule of Civil Procedure 81 demands, upon removal to federal court, that defendants submit an answer either 21 days after receiving a copy of the complaint, 21 days after receipt of service, or 7 days after the notice of removal was filed, whichever deadline is last. Fed R. Civ. P. 81(c)(2). The latest deadline would have been August 29, 2025, seven days after removal was filed, but Defendants' answer was not submitted until September 12, two weeks after the deadline. On September 16, 2025, Defendants submitted a motion to set aside the entry of default.

## II.     Legal Standard

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. When a party against whom judgment is sought "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise" the Clerk must enter default. Fed. R. Civ. P. 55(a). Rule 55 provides that the Court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). To set aside entry of default, the central question is whether the movant has shown "good cause." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). That question hinges on "equitable principles." *Id.* (citation omitted). In this Circuit, courts must consider the following factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiff[ ]; and (3) whether [the

2

defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prods. Liabl. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citation omitted).

These factors are not exhaustive, however, as courts may also consider whether "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (quotation marks and citations omitted).

Default judgments "are not favored and their strict enforcement has no place in the Federal Rules." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quotation marks and citation omitted). Similarly, "entries of default are serious," and "any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.* (cleaned up) (quotation marks and citation omitted). "Without a showing of actual prejudice as a result of the delay, entry of default is not justified." *Turnage v. Jackson/Hinds Libr. Sys.*, No. 3:23-CV-338-CWR-LGI, 2024 WL 917588, at *2 (S.D. Miss. Mar. 4, 2024) (citing *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)).

### III.    Discussion

The first factor is determining whether the default was willful. A finding of willfulness is characterized as "intentionally failing to respond to litigation or trying to be uncooperative or obstructionist." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018). Defendants argue that filing their answer a few hours after the clerk's entry of default

3

demonstrates that their "delay was inadvertent." Docket No. 15 at 2. Indeed, in their motion, Defendants repeatedly insist their delay "was not willful" and they had "no intention of avoiding this litigation." *See Turnage,* 2024 WL 917588, at *3 (finding no willfulness where defendant insisted in the record their delay was "unintentional"). Therefore, although it is notable that Defendants' counsel could not muster an answer until two weeks after the deadline, Defendants' behavior fails to meet the intentionality required by the willfulness factor.

The second factor is whether setting aside the default would allow a delay that prejudices Plaintiff. For this factor, the burden is shifted to Plaintiff. To establish that a delay in response is prejudicial, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (quotation marks and citation omitted). Plaintiff claims three sources of prejudice: litigation strategy, administrative and economic, and discovery-related prejudice. The first two categories are irrelevant to a prejudice analysis, and discovery has not yet begun, so Plaintiff's concern regarding such prejudice is of no moment. Plaintiff has failed to establish prejudice.

The third factor is whether Defendants presented meritorious arguments. "Presenting a meritorious defense is a low bar[.]" *Obinyan v. Walgreens Specialty Pharm. Holdings, L.L.C.*, No. 21-10294, 2022 WL 987183, at *3 (5th Cir. Mar. 31, 2022). "[A] defendant's allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Johnson v. Experian Info. Sols., Inc.*, No. 3:25-CV-1155-X-BN, 2026 WL 1757803 at *3 (N.D. Tex. June 17, 2026) (quotation marks and citation omitted). Defendants argue that they met this low threshold by categorically denying each allegation in their

4

answer. *See* Docket No. 12 at 1-4. Defendants also list affirmative defenses in their answer. Courts have found that the denial of "central allegations of the Complaint. . . . raises the possibility that given the opportunity, the Defendant may successfully defend the suit." *DirecTV, Inc. v. Leidigh*, No. 1:04-CV-548, 2005 WL 8170125, at *2 (S.D. Miss. July 7, 2005). Defendants' affirmative defenses and categorical denials provide the bare minimum they would need at trial to construct a complete defense, and therefore, their arguments are meritorious.

The fourth relevant factor in this case is whether the defaulting party "acted expeditiously to correct the default." *Dierschke*, 975 F.2d at 184 (citation omitted). Defendants acted expeditiously to fix their mistake as they promptly filed their motion to set aside entry of default the same day the clerk entered default.

## IV.   Conclusion

Because Defendants' failure to answer was not willful, setting aside the entry does not prejudice Plaintiff, Defendants present meritorious arguments on their behalf, and Defendants acted expeditiously to correct the default, Defendants' motion to set aside the entry of default is granted.

**SO ORDERED**, this the 20th day of July, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

5